UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA McCUISTON, RICK MIAZGA,
and AVA MILLER,

                    Plaintiffs,

                                                    Civil No. 04-70047
                                                    Hon. John Feikens

                    v.

C.B. CONDER a/k/a "Doc" Conder; and
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, AFL-CIO, a Labor
Organization,

                    Defendants.

_____/

**OPINION AND ORDER**

On April 11, 2005, this Court filed a stipulated consent judgment.  Plaintiffs now move

for attorney's fees and costs.  Defendants have submitted their Objections to the Taxed Bill of

Costs and Supporting Memorandum.  For the reasons stated below, I DENY Plaintiffs' motion

for attorney's fees and costs and I do not address Defendants objections as those objections are

moot.

**I.  FACTUAL BACKGROUND**

On April 11, 2005, this Court filed a stipulated consent judgment:

Upon stipulation of all parties, the Plaintiffs in this case, Donna McCuiston, Rick
Miazga, and Ava Miller, shall have the right to observe the counting of ballots on
any future referenda approving a contract in which Plaintiffs are eligible to vote.
This is a final order of the court, disposing of all remaining claims in this action.

McCuiston v. Conder, No. 04-70047, (E.D. Mich. Apr. 11, 2005).  On April 25, 2005, Plaintiffs

moved for attorney's fees and costs.  (Pl.'s App. for Fees at 14.)

## II.  ANALYSIS

Plaintiffs argue that they are entitled to attorney's fees pursuant to 29 U.S.C. § 412.

(Pl.'s App. for Fees at 2.)  That section permits a court to award to a plaintiff relief "as may be

appropriate" for violations of the Labor-Management Reporting and Disclosure Act

("LMRDA").  29 U.S.C. § 412.  The U.S. Supreme Court stated that an exception to the

American rule disfavoring the allowance of attorney's fees exists where a plaintiff's:

> successful litigation confers "a substantial benefit on the members of an
> ascertainable class, and where the court's jurisdiction over the subject matter of
> the suit makes possible an award that will operate to spread the costs
> proportionately among them."

Hall v. Cole, 412 U.S. 1, 5 (1973); quoting Mills v. Elec. Auto-Lite, 396 U.S. 375, 393-394

(1970).

The Third Circuit Court of Appeals held that a plaintiff may recover attorney's fees under

the LMRDA, where a plaintiff is the prevailing party and his lawsuit provides a "common

benefit to all union members."  Ruocchio v. United Transp. Union, Local 60, 181 F.3d 376, 388

(3d Cir. 1999).  In Brown v. Local 58, Intern. Broth. of Elec. Workers, 76 F.3d 762, 770-771

(6th Cir. 1996), the Sixth Circuit Court of Appeals clarified that "a plaintiff need not prevail on

the merits to qualify as a 'prevailing party' for the purpose of an award of attorneys' fees and

costs."  (Citations omitted).

## A. Waiver of Attorney's Fees

Defendants argue that this Court's final order disposed of Plaintiffs' claim to any

attorney's fees.  (Def.s' Resp. at 5.)  Defendants reason that this order "dispos[ed] of all

remaining claims in this action[,]" and this phrase should be construed plainly as a waiver of any

2

claims that Plaintiffs could make regarding attorney's fees.  (Def.s' Resp. at 5.)  Two cases from the Sixth Circuit Court of Appeals support Defendants' contention.  The Sixth Circuit stated that a plaintiff "made a final disposition of all claims, including any request for attorneys' fees, regardless of whether or not such fees were specifically mentioned in that agreement[,]" where the plaintiff had signed a settlement agreement that stated "This agreement constitutes the *full and complete* settlement of *all* claims[.]"  Toth v. UAW, 743 F.2d 398, 406-7 (6th Cir. 1984) (emphasis in the original).  Similarly, in Jennings v. Metro. Gov't of Nashville, the Sixth Circuit held that where the parties intended a settlement agreement to be the final disposition of all claims such an agreement precludes a subsequent award of attorney's fees.[1]  715 F.2d 1111, 1114 (6th Cir. 1983) (despite the agreement's silence regarding attorney's fees, the court was able to determine the parties' intent because the record permitted drawing only one inference).

Plaintiffs claim that pursuant to Brown they were not required to request that this Court "reserve jurisdiction over a post-judgment fee proceeding, even after voluntary dismissal[.]" (Pl.s' Reply at 1; citing Brown, 76 F.3d at 766-7.)  Plaintiffs also cite Brown for the proposition that the consent judgment did not need to state that Plaintiffs reserved an intent to seek attorney's fees because the complaint gave notice of Plaintiffs' demand for attorney's fees.  Id. at 1.  However, the Sixth Circuit's holding in Brown is distinguishable from the case at hand.  Brown is limited to those cases in which a plaintiff voluntarily dismisses its case pursuant to Fed. R. Civ. P. 41(a).  Id. at 767.  Plaintiffs did not voluntarily dismiss their case, rather

---

[1]  The Eighth Circuit Court of Appeals' holding in Wray v.Clarke also supports Defendants' argument that Plaintiffs may not now seek attorney's fees where Plaintiffs failed to make such a reservation in the final order.  151 F.3d 807, 809 (8th Cir. 1998) (holding that silence may constitute a party's waiver of their right to collect attorney's fees).

3

2:04-cv-70047-JF   Doc # 84   Filed 07/08/05   Pg 4 of 5   Pg ID 1821

Plaintiffs and Defendants stipulated to a consent judgment and a final order "disposing of all remaining claims in this action."  McCuiston, No. 04-70047, (E.D. Mich. Apr. 11, 2005). Therefore, Plaintiffs' reliance on Brown is misplaced.

Plaintiffs also cite Jennings, 715 F.2d at 1114, for the proposition that a settlement agreement which is silent regarding the issue of attorney's fees does not necessarily equate to the parties' waiver of those fees.  (Pl.'s Reply at 2.)  Plaintiffs ignore the full holding of the Court of Appeals in that case.  The Sixth Circuit stated that parties do not need to have a separate agreement on each aspect of their claims to reach a settlement in full.  Jennings, 715 F.2d at 1114.  Therefore, a district court in determining whether a settlement agreement precludes a subsequent award of attorney's fees should consider "whether the parties intended the settlement to be a final disposition of all claims[.]"  Id. at 1114.  In the case at hand, the consent judgment stated "This is a final order of the court, disposing of all remaining claims in this action." McCuiston, No. 04-70047, (E.D. Mich. Apr. 11, 2005).  This comprehensive language in the stipulated consent judgment demonstrates that the parties intended to reach a settlement in full. The language of the stipulated consent judgment is nearly identical to the language that the Sixth Circuit used in Jennings.[2]  715 F.2d at 1114.  Therefore, I believe that the stipulated consent judgment demonstrates the parties' clear intent to reach a settlement in full.

_____

[2]  Plaintiffs claim that courts have been reluctant to "infer a waiver of fees from silence in a settlement agreement[,]" admittedly, Plaintiffs cite to no LMRDA cases that support this proposition.  (Pl.s' Reply at 4.)  Plaintiffs' reference to Muckleshoot Tribe v. Puget Sound Power & Light Co., demonstrates some judicial reluctance to find that parties waived attorney's fees, where the record is "silent."  875 F.2d 695, 698 and n. 5 (9th Cir. 1989).  However, as stated above, the stipulated consent agreement is not "silent" with regard to attorney's fees, to the contrary, this Court's language clearly disposes of "all remaining claims" and does not require this Court to make any inferences.  McCuiston, No. 04-70047, (E.D. Mich. Apr. 11, 2005).

Thus, I DENY Plaintiffs' motion for attorney's fees and costs.

## III. CONCLUSION

Having concluded that the stipulated consent judgment demonstrates the parties clear intent to reach a settlement in full, I DENY Plaintiffs' motion for attorney's fees and costs. Having denied Plaintiffs' motion for attorney's fees and costs Defendants' Objections to the Taxed Bill of Costs and Supporting Memorandum are moot.

Date:  July 8, 2005                    S/John Feikens_____
                                            United States District Judge

| Proof of Service |
| --- |
| I hereby certify that the foregoing order was served on the attorneys/parties of record on July 8, 2005, by U.S. first class mail or electronic means. |
| S/Carol Cohron_____ |
| Case Manager |

5